GREGG COMPANY, LTD.,

*v.*

UTUADO SUGAR COMPANY.

San Juan, Equity, No. 898.

IN THE MATTER OF THE REPORT OF THE STANDING MASTER IN CHANCERY ON THE PETITION OF CARLOS CABRERA FOR THE CANCELATION OF A CERTAIN LEASE GRANTED TO ANTONIO SERBIA BY THE UTUADO SUGAR COMPANY.

Receivership—Lease of Property.

Where it seems best for the interest of all concerned to lease out

receivership property which cannot otherwise be handled to advantage, this will not be construed as affecting liens one way or the other Such procedure is in administration, and does not affect claims one way or the other.

Opinion filed January 30, 1915.

_____

*Mr. C. Coll y Cuchi* for Carlos Cabrera.

*Messrs. Alvarez Nava & Dominguez* for Felipe Iglesias.

HAMILTON, Judge, delivered the following opinion:

This comes up upon a petition of Carlos Cabrera for the cancelation of a lease which is set out in detail, alleging that the company or the receiver was to advance Serbia money and he was to raise sugar cane in the usual way, but that on account of the difficulties of the receivership, only $1,000 or $1,200 were advanced, and Serbia was unable to go on, and has abandoned the contract and the property; that there is, however, cane on the ground which ought to be taken care of in some way, and Cabrera, who has leased the property generally, offers to repay the $1,200 advanced, and also to make a certain payment of $2,000 for the lease of the property up to the 1st day of July, 1916.

This was referred to the master and the master reports favorably upon the petition by a report filed January 15, 1915. Felipe Iglesias, claiming to be a refaccion creditor, excepts to the master's report on January 20th. The ground of the exception is rather general in that the exception says merely that said report ought to be "reversed by this honorable court be-

Gregg Co. v. Utuado Sugar Co.

cause the said master has totally disregarded the petitioner's rights in the premises." The rights referred to grow out of the fact that this court directed the receiver to borrow money to operate the plant up to $50,000. In point of fact, he got $30,000 from Iglesias on certain terms, and there has been paid back about half that sum. The contention of Mr. Iglesias is that the balance of $15,000 is a refaccion debt, which covers everything, and, as a debt of the officer of the court and in some sense a debt of the court itself, should be protected in every way, and he objects now, as he did to the lease to Cabrera, to this cancelation on the ground that it infringes his rights to recover the $15,000.

The question is a delicate one, as the whole Utuado matter has been a delicate one. It has been totally outside the ordinary course with regard to receiverships. Ordinarily receivership is a comparatively simple matter. The receiver takes charge, and under the instructions of the court borrows money and operates the property and finally turns it over to somebody interested. We have not reached the end of this litigation at all. The receiver has stopped work by direction of the court, and it is necessary to make some other arrangement to take the place of the receivership. It is a very unusual situation and it calls for unusual procedure.

The court thinks that here, as in other cases, the primary duty of the court is the preservation of the property for whatever may be the final disposition, whether it all goes to Mr. Iglesias or to the creditors, or whatever becomes of it. As long as it is in court, it must be preserved in some way. Mr. Iglesias makes no offer in regard to this particular lease. It is proved before the master by the affidavit of Serbia himself that it is a

fact he has thrown up his lease, and the property is practically abandoned. It might be that if Iglesias or anybody else would make a more favorable offer, it would be entertained. Still there is only this one proposition before the court, that is to say, of Mr. Cabrera to pay back what has already been advanced and pay a certain rental. The master approves the proposition, and the court does not see at all from inspection of the papers that the master is wrong; so there is no option except to confirm the master's report. At the same time it may be that one or two things should be more fully guarded than as provided in the report; so the order will be made in this shape.

1. In the first place, the master's report is confirmed and Cabrera's petition for lease of the property is accepted.

2. In the second place, however, the proceeds, both the amount to be paid back and the rental, are to stand in place of the property and be held and treated as in the nature of a special fund. Whatever rights anyone has upon the land itself, whether it be Mr. Iglesias or anyone else, will be recognized in regard to the proceeds of the property under this arrangement with Mr. Cabrera. In other words, the proceeds take the place entirely of the property itself, and there is no change intended by this arrangement in the rights of the parties one way or the other, except the transfer from the land to the proceeds, and the court will not be understood as interfering with the land itself, or any rights now existing by the lease now made to Cabrera, that is say, for the length of time mentioned in his petition.

3. And in the third place, ten days are allowed to Mr. Iglesias to apply to the court, if he sees proper to do so, to have Mr. Cabrera furnish an inventory of the property, of the rattoons there may be, the condition of the cane, and everything that

Gregg Co. v. Utuado Sugar Co.

may be proper, but no duty is laid upon Mr. Cabrera to make such a report unless it is so required. If such an application is made, the attorneys for Cabrera and for Iglesias are directed to confer upon the form of making this inventory, and if they cannot agree it will be referred to the master to make such an inventory. But this is not intended in any way to impede Mr. Cabrera in his use of the property, and is not required unless requested by Mr. Iglesias within the next ten days.

This seems to be the best way of salving the property, and I have thus preserved as well as may be whatever may be the rights of the parties, without now passing upon those rights, which may come up at any future time when the parties are in court and may be heard.

4. A formal renunciation by the former lessee must be filed in court within the next ten days by Mr. Cabrera or some other party to the cause, and this is a part and condition of the arrangement.